IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| David Dunkle, | Case No. 3:11 CV 1638 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Warden of Marion Correctional Institution, | |
| Respondent. | |

## INTRODUCTION

*Pro se* Petitioner David Dunkle filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (Doc. No. 1), and a Motion to Amend Habeas Corpus (Doc. No. 3). Petitioner, who is in state custody at the Marion Correctional Institution in Marion, Ohio, alleges ineffective assistance of trial counsel and denial of his right to appeal. For the following reasons, Petitioner's Motion to Amend is granted, and the Amended Petition is denied.

## BACKGROUND

Petitioner pled guilty on August 25, 1986, to one count of rape and one count of complicity to rape, in violation of R.C. § 2907.02 (Doc. No. 3-1 at 1). He did not file a direct appeal, and appears to have not taken any legal action with respect to this matter until April 6, 2005, when he filed a Motion for Leave to File Delayed Appeal in the state appellate court. His Motion was denied on May 2, 2005 on the grounds he failed to establish good cause for the delay. Petitioner filed another Motion

for Leave to File Delayed Appeal in the state appellate court in October 2010, which was also denied. The Ohio Supreme Court declined to hear the case in April 2011.

While his appeal to the Ohio Supreme Court was pending, Petitioner filed a Motion to Suspend Execution of Sentence in the state trial court. The Motion was denied in December 2010 and Petitioner appealed. His appeal is currently pending before the state appellate court.

Petitioner filed for a Writ of Habeas Corpus in this Court on August 5, 2011, raising a single ground for relief: namely, the state trial court denied Petitioner's due process rights by improperly basing its early release consideration on Senate Bill 2 (Doc. No. 1). Petitioner next filed a Motion to Amend Habeas Corpus, asserting his original Petition mistakenly raised claims still pending in the state appellate courts (Doc. No. 3). He asks this Court to consider only his Amended Petition for Writ of Habeas Corpus, which is attached to his Motion. The Amended Petition raises two grounds for relief: (1) ineffective assistance of trial counsel based on counsel's failure to inform him about his right to direct appeal; and (2) denial of his right to appeal.

## STANDARD OF REVIEW

A federal court may entertain a habeas petition filed by a person in state custody only on the ground his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Pursuant to Rule 4 of the Rules Governing § 2254 Cases, this Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If so, the petition must be dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face). Because Petitioner is appearing *pro se*, the allegations in his petition must be taken as true and construed in his favor, and

2

his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2003).

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, applies to habeas corpus petitions filed after its effective date. *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003). Because Dunkle's Petition was filed on August 5, 2011, well after AEDPA's effective date in 1996, the AEDPA governs this Court's consideration of his Petition.

This Court finds Petitioner's claims are procedurally defaulted. A petitioner may not raise a claim in a federal habeas proceeding if a failure to comply with a state procedural rule prevented him from raising that claim in state court. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A state procedural default will preclude habeas review when (1) the state procedural rule applies to the petitioner's claim and petitioner failed to comply with the rule; (2) the state actually enforced the procedural sanction; and (3) the state procedural forfeiture is an "adequate and independent" state ground on which to foreclose federal habeas review. *Id.* If these three elements are present, the petitioner can overcome the procedural default by either "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 725 (1991).

Petitioner failed to comply with the Ohio appellate court's filing deadline for a delayed appeal. *See* Ohio Rules of Crim. Proc. 5(A). Petitioner did not take a direct appeal from his 1986 guilty plea, and instead waited nineteen years to take any legal action with respect to his conviction and sentence.

He filed Motions for Delayed Appeal in the Ohio appellate court in 2005 and 2010, both of which were denied.

Procedural default occurs when the last state court rendering a decision makes a plain statement basing its judgment on a procedural bar. *Harris v. Reed*, 489 U.S. 255 (1989). In cases where no state court has addressed petitioner's issues in a reasoned judgment, but has denied relief in a summary fashion, the federal habeas court must determine whether the decision rested on an "adequate and independent" state ground. In such cases, federal courts assume "that had the state court addressed [the] petitioner's . . . claim, it would not have ignored its own procedural rules and would have enforced the procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Moreover, the Sixth Circuit has recently held a prisoner's failure to promptly file a motion for delayed appeal to an Ohio appellate court can serve as the basis for a procedural default of a petitioner's habeas claims. *Stone v. Phillips*, 644 F.3d 342, 348 (6th Cir. 2011).

In this case, Petitioner waited nineteen years before moving for his first delayed appeal in the Ohio court of appeals. That court denied Petitioner's motion, finding he had not established good cause for his delay. Petitioner's failure to timely file his motion for delayed appeal constitutes procedural default. Even if Petitioner could demonstrate his delay was the result of ineffective assistance of counsel, there is no evidence his claim would succeed on appeal. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner fails to identify any constitutional issues for a timely appeal, and does not provide any reason for the excessive delay in filing his motion. *See Smith v. State of Ohio Dept. of Rehabilitation & Corrections*, 463 F.3d 426, 435–36 (6th Cir. 2006) (finding petitioner had failed to demonstrate prejudice sufficient to excuse procedural default, despite counsel's failure to timely notify him of appellate decision, where petitioner did not take prompt

4

action to file delayed appeal). Further, Petitioner fails to allege actual innocence or that a failure to consider his claims would result in a fundamental miscarriage of justice. Accordingly, this Court finds Petitioner's claims are procedurally defaulted.

The Amended Petition also requests an evidentiary hearing. An evidentiary hearing is not required to resolve any of Petitioner's claims. As explained above, Petitioner's claims are procedurally defaulted. Accordingly, Petitioner's request is denied. *See Schriro v. Landrigan*, 550 U.S. 465, 474, (2007) (approving denial of an evidentiary hearing "on issues that can be resolved by reference to the state court record") (internal quotation omitted).

## CONCLUSION

For the following reasons, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under Section 1915(a)(3), this Court certifies an appeal could not be taken in good faith, and there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253.

IT IS SO ORDERED

                                                      s/ *Jack Zouhary*
                                                      JACK ZOUHARY
                                                      U. S. DISTRICT JUDGE

                                                      December 7, 2011